

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Sepulveda v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sepulveda v. Smith" (2007). *2007 Decisions.* Paper 1785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3147
_____

GEORGE SEPULVEDA,
Appellant

v.

JOSEPH SMITH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-00734)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2006

Before:  RENDELL, SMITH and COWEN, Circuit Judges.

(Filed January 10, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

In 1997, in the United States District Court for the District of Rhode Island,

George Sepulveda was convicted of various RICO-related offenses, including

racketeering, in violation of 18 U.S.C. § 1962(c), and a violent crime (murder) in aid of

racketeering activity, in violation of 18 U.S.C. § 1959. Sepulveda was sentenced to life imprisonment. After his conviction and sentence were affirmed in 1999, Sepulveda moved for relief under 28 U.S.C. § 2255. This motion was denied, as were a subsequent § 2241 petition for writ of habeas corpus and a *coram nobis* petition. More recently, the United States Court of Appeals for the First Circuit denied Sepulveda's application for authorization to file a second or successive § 2255 motion.

Sepulveda, who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, has filed another petition for writ of habeas corpus pursuant to § 2241 with the United States District Court for the Middle District of Pennsylvania. The District Court dismissed that petition, and Sepulveda appealed.

In his § 2241 petition, Sepulveda argues that § 2255 would be an inadequate or ineffective remedy because his claim is not based on newly discovered evidence or a new rule of constitutional law. Instead, he alleges that he was unable to raise a claim that his jury was not selected from a representative cross section of the community (and that the district court erred by not conducting a hearing on this issue) in his prior § 2255 motion because the census statistics necessary to support such a claim were not available until after his initial § 2255 motion was due. He further contends that his trial counsel was ineffective because he failed to request fees for expert investigation work and census statistics under 18 U.S.C. § 3006A.

Motions pursuant to § 2255 "are the presumptive means by which federal prisoners

2

can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition under § 2241 cannot be entertained by the court. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2255 is not inadequate or ineffective merely because a petitioner is unable to meet its stringent gatekeeping requirements. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the "safety-valve" provided under § 2255 is extremely narrow, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120.

Sepulveda's claims fall within the purview of § 2255 because they challenge the validity of his conviction. We agree with the District Court that Sepulveda has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative").

For these reasons, the District Court properly dismissed Sepulveda's § 2241 petition. We will, therefore, summarily affirm the District Court's order.